# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | | |
|---|---|---|
| Eugene Allan, Deborah F. Allan, Keith Landen, Matthew J. Cavendish, and Traci Cavendish, on behalf of themselves and others similarly situated, | ) ) ) ) ) | Case No. 2:10-cv-14046 |
| | ) | Hon. Steven J. Murphy, III |
| Plaintiffs, | ) | |
| vs. | ) | Magistrate Judge R. Steven Whalen |
| | ) | |
| Realcomp II, Ltd., a Michigan Profit Corporation, *et al.* | ) ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES INCURRED AND FOR PAYMENT OF REPRESENTATIVE AWARDS

Plaintiff hereby seeks entry of an Order providing:

(1) an award of $1,083,333.33 (or 1/3 of the Settlement Fund) in attorneys' fees to Plaintiffs' Counsel;

(2) the reimbursement of $300,771.71 in expenses advanced by Plaintiffs' Counsel; and

(3) payment of representative awards of $12,500 to Eugene and Deborah Allen, $12,500 to Matthew and Traci Cavendish, and $12,500 to Keith Landen.

Support for this Motion is contained in the accompanying Memorandum in Support of Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses Incurred and for Payment of Representative Awards.

**Local Rule 7.1 Certification.**   Before filing this motion and the attached brief, plaintiffs' counsel emailed them to defendants' counsel and inquired whether the motion would be opposed.   Defendants' counsel does not oppose this motion.

Date:  August 6, 2014                    **Respectfully Submitted,**

_s/ Brian D. Penny_
GOLDMAN SCARLATO KARON & PENNY, P.C.
101 East Lancaster Avenue, Suite 204
Wayne, PA 19087
Telephone:  (484) 342-0700
Facsimile:   (484) 342-0701
Email:        penny@gsk-law.com

Todd R. Mendel (P55447)
Erica Fitzgerald (P64080)
BARRIS, SOTT, DENN & DRIKER, PLLC
211 West Fort Street, 15th Floor
Detroit, MI  48226
Telephone:  (313) 965-9725
Email:        tmendel@bsdd.com

Garrett D. Blanchfield
REINHARDT WENDORF & BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone:  (651) 287-2100
Facsimile:   (651) 287-2103

Email:      g.blanchfield@rwblawfirm.com

Douglas A. Millen
FREED, KANNER, LONDON & MILLEN,
LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone:  (224) 632-4500
Facsimile:   (224) 632-4521
Email:  dmillen@fklmlaw.com

*Class Counsel*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | | |
|---|---|---|
| Eugene Allan, Deborah F. Allan, Keith Landen, Matthew J. Cavendish, and Traci Cavendish, on behalf of themselves and others similarly situated, | ) ) ) ) ) | Case No. 2:10-cv-14046 |
| | ) | |
| Plaintiffs, | ) | Hon. Steven J. Murphy, III |
| vs. | ) ) | Magistrate Judge R. Steven Whalen |
| Realcomp II, Ltd., a Michigan Profit Corporation, *et al.* | ) ) ) | |
| Defendants | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES INCURRED AND FOR PAYMENT OF REPRESENTATIVE AWARDS

1

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ..................................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE
RELIEF SOUGHT ................................................................................................. iii

INTRODUCTION ................................................................................................ 1

I.    Entitlement to Fees and Methods for Determining Fee Award .................... 2

      A.    The Percentage-of-the-Fund Method is Preferred ................................ 4

      B.    Application of the Percentage-of-the-Fund Method Generally ........... 5

            1.    Ranges of Percentages Typically Awarded in Non-Class Cases 6

            2.    Ranges of Percentages in Class Cases ....................................... 7

      C.    Determining the Appropriate Percentage in this Action ...................... 8

            1.    Value of the Benefit Rendered to the Plaintiff Class ................ 9

            2.    The Value of the Services on an Hourly Basis ......................... 10

            3.    Whether the Services Were Undertaken on a Contingent Fee
                  Basis ........................................................................................ 11

            4.    Society's Stake in Rewarding Attorneys Who Produce Such
                  Benefits in Order to Maintain an Incentive to Others .............. 11

            5.    The Complexity of the Litigation ............................................. 12

            6.    The Professional Skill and Standing of Counsel Involved on
                  Both Sides ................................................................................ 14

      D.    The Request for an Award of Expenses Incurred is Reasonable ........ 15

II.   The Request for an Incentive Award to Plaintiffs is Reasonable ................. 17

      CONCLUSION ..................................................................................... 18

## STATEMENT OF THE ISSUES PRESENTED

1.      Should Counsel for Plaintiffs and the Class, who prosecuted this case diligently and effectively for more than three years and obtained a cash settlement of $3.25 million, be awarded one-third of the settlement fund ($1.083 million) in attorneys' fees?

2.      Should Counsel for Plaintiffs and the Class be reimbursed $300,771.71 for the expenses they incurred in prosecuting this case?

3.      Should the class representatives who pursued these claims diligently on behalf of the class be awarded the requested representative awards?

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT

**Cases**

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................... 4, 5, 6, 7

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ................................................2, 16

*Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418 (6th Cir. 1990)............11

*Moulton v. United States Steel Corp.*, 581 F.3d 344 (6th Cir. 2009) ......................9

*Rawlings v. Prudential-Bache Properties*, 9 F.3d 513 (6th Cir. 1993) ....................4

*Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939) ................................................4

**Rules**

Fed. R. Civ. P. 23(h) ..................................................................................................2

**INTRODUCTION**

Counsel for Plaintiffs and the Class ("Petitioners" or "Class Counsel") submit this motion[1] for an award of attorneys' fees, reimbursement of their litigation costs incurred in connection with this action (the "Litigation" or "Action"), and representative awards for class representatives, Eugene Allan, Deborah F. Allan, Keith Landen, Matthew J. Cavendish, and Traci Cavendish. Despite determined opposition and serious legal and factual hurdles, with recovery far from assured, Class Counsel successfully prosecuted this Action on a wholly contingent basis and secured a cash settlement fund of $3.25 million for the Class (the "Settlement" or the "Settlement Fund").

The Settlement is an excellent result obtained through the diligent and tenacious efforts of Class Counsel in the face of significant obstacles. As compensation for their efforts in this litigation, Class Counsel respectfully request the Court approve an award of attorneys' fees in the amount of one third of the cash benefit achieved for the Class. The requested fee is well within the range of fees customarily awarded in antitrust and other types of class actions. As discussed below, the requested fee is also reasonable under a lodestar analysis, with the

---

[1] Plaintiffs are submitting a separate memorandum in support of their motion for final approval of the proposed settlement (the "Settlement Memorandum").

requested fee representing a significant negative multiple on their lodestar. Class Counsel request the Court approve the requested fee as reasonable given the recovery obtained for the Class, the value of the services rendered on behalf of the Class, the contingent nature and high degree of risk under which Class Counsel rendered their services, the benefit actions like this provide to society in general, the complexity of the Action, and the professional skill required to produce the result obtained. Petitioners also seek reimbursement of the reasonable expenses incurred in this litigation.

## I.   Entitlement to Fees and Methods for Determining Fee Award

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement." Fed. R. Civ. P. 23(h). Under the "equitable fund" doctrine established 132 years ago in *Internal Imp. Fund Trustees v. Greenough*, 105 U.S. 527 (1881), attorneys for the representative plaintiff in litigation resulting in a recovery for a class may petition the court to be compensated for their efforts. The rationale for this doctrine was explained a century later in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980): "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."

Professor Alba Conte, acknowledging the importance of awarding fair and reasonable fees in common fund cases, stated:

> [C]ourts have been careful to award a fully compensable reasonable fee based on the underlying economic inducement for class action lawyers to pursue potentially expensive or complex common fund class litigation. These lawyers assume the risk of no compensation unless they successfully confer common fund benefits on the class, based on their reasonable expectation that they will share in the recovery in a fair proportion, in contrast to receiving a fee based initially on time-expended criteria that fail to give the results obtained primary consideration.

1 A. Conte, Attorney Fee Awards § 1.09, at 16 (1993) (footnotes omitted).

Declarations from Class Counsel show that they expended more than 4,231hours litigating this case. *See* Exhibit 1, Declaration of Brian D. Penny ("Penny Decl.") ¶ 4. This declaration also shows that Petitioners' actual lodestar was $1,782,801.50 through August 6, 2014. *Id.* The actual lodestar far exceeds Petitioners' requested fee. Competent counsel would be unlikely to undertake a commitment of time, effort and resources of this magnitude without the possibility of a reasonable return if their efforts proved successful, given the real risk of receiving no compensation at all if they lost.

3

## A.    The Percentage-of-the-Fund Method is Preferred

The Supreme Court of the United States and courts within the Sixth Circuit, as well as numerous other Courts of Appeals and District Courts, recognize the percentage-of-recovery method as the preferred approach in analyzing fee applications in common fund class actions. *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 164-67 (1939); *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513, 516 (6th Cir. 1993) (noting that the percentage of the fund method "…has a number of advantages: it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation."); *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436, 2014 U.S. Dist. LEXIS 46846, at *101 (S.D. Ohio Apr. 4, 2014) ("[i]n general, the percentage of the fund method is preferred in common fund cases").

The percentage-fee award is intended to approximate the market – that is, what private counsel ordinarily would charge in a contingent-fee contract. *See, e.g., Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, No. 1:09-cv-794, 2014 U.S. Dist. LEXIS 13768, at *42 (S.D. Ohio Feb. 4, 2014) ("a reasonable contingent fee should reflect the market rate for the lawyer's services - what a

knowledgeable class member would have negotiated and agreed to pay at the outset of the case.").

The percentage-of-fund method requires the Court to evaluate the fairness and reasonableness of the requested fee by looking at the overall efforts of Counsel and the results achieved. *See Blum v. Stenson*, 465 U.S. at 900 n. 16. It does not, however, require the Court to evaluate each firm, each lawyer and each minute of time spent by them as the Court would do in a "statutory fee shifting" case.[2]

**B.      Application of the Percentage-of-the-Fund Method Generally**

The percentage method is consistent with and is intended to mirror practice in the private marketplace, where contingent-fee attorneys typically negotiate percentage-fee arrangements with their clients. As Judge Posner emphasized in *Continental Illinois Sec. Litigation*, 962 F.2d 566 (7th Cir. 1992):

─────────────────────

[2] Unlike the "common fund" case presented here, a court in the typical "statutory fee shifting" case may not enhance the actual lodestar or take into account the overall efforts, results achieved or the contingent nature of the litigation. *City of Burlington v. Dague*, 505 U.S. 557 (1992). All a court may examine to determine reasonableness in a "statutory fee" case is the hours expended, the work performed and the rate charged. *Id.* Thus, a careful inquiry into those items is necessary in a "statutory fee" case, but is unnecessary here, where the overall efforts of Counsel, results achieved, and contingent nature of the litigation can and must be considered in determining the reasonableness of the fee. *Blum v. Stenson*, 465 U.S. at 900 n. 16; *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988) (in a percentage fee award, the amount of time need not be considered at all).

5

> The object in awarding a reasonable attorney's fee...is to simulate the market....The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client.

*Id.* at 572. *See also Schumacher*, 2014 U.S. Dist. LEXIS 13768, at *42 ("a reasonable contingent fee should reflect the market rate for the lawyer's services - what a knowledgeable class member would have negotiated and agreed to pay at the outset of the case."). The percentage awarded under the percentage approach should reflect the same incentives, and provide the same reward for efficient efforts, as in non-class action litigation.

### 1.   *Ranges of Percentages Typically Awarded in Non-Class Cases*

Contingency fees in non-class action cases typically range from 30-40%. In their concurring opinion in *Blum*, Justices Brennan and Marshall observed that: In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery. 465 U.S. at 904; *See also In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 912 F. Supp. 97, 101 (S.D. N.Y. 1996) (noting that "investors entered retainer agreements with private counsel which provided for a contingent fee ranging between 33-1/3% and 40% of the amounts recovered"); *Kirchoff v. Flynn*, 786 F.2d at 323, 324 n.5 (7th Cir. 1986) (observing that "40% is the customary fee in tort litigation"); *In re*

6

*Public Serv. Co. of New Mexico*, No. 91-0536M, 1992 U.S. Dist. LEXIS 16326, at
*20 (S.D. Cal. July 28, 1992) ("If this were a non-representative litigation, the
customary fee arrangement would be contingent, on a percentage basis, and in the
range of 30% to 40% of the recovery"); *In re M.D.C. Holdings Sec. Litig.*, No. CV
89-0090 E(M), 1990 U.S. Dist. LEXIS 15488, at *22 (S.D. Cal. Aug. 30, 1990)
("In private contingent litigation, fee contracts have traditionally ranged between
30% and 40% of the recovery"); *McKenzie Constr., Inc. v. Maynard*, 823 F.2d 43,
45-49 (3d Cir. 1987) (33-1/3% contingent fee held reasonable, even though it
converted to approximately $790 per hour, which is more than the hourly return
here).

### 2.    *Ranges of Percentages in Class Cases*

Similarly, in class actions, the percentage recovery customarily awarded is
generally in the neighborhood identified by Justices Brennan and Marshall. *In re
Skelaxin (Metaxalone) Antitrust Litig.*, No. 2:12-cv-83, 2014 U.S. Dist. LEXIS
91661, at *7 (E.D. Tenn. June 30, 2014) (approving attorneys' fees of 1/3 of the
settlement fund); *Lessard v. City of Allen Park*, No. 00-cv-74306, 2005 U.S. Dist.
LEXIS 17363, at *1-2 (E.D. Mich. July 18, 2005) (same); *In re Cardizem CD
Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003) (recognizing that fees of
20-30% are generally awarded in the Sixth Circuit); *Goldsmith v. Tech. Solutions*

*Co.*, No. 92 C 4374, 1995 U.S. Dist. LEXIS 15093, at *26 (N.D. Ill. Oct. 10, 1995)

(33% is "in line with that which has, in previous cases, been approved").

### C.    Determining the Appropriate Percentage in this Action

In determining what percentage fee is appropriate in a common fund class

action, courts in the Sixth Circuit consider six factors, known as the *Ramey* factors:

> (1) the value of the benefit rendered to the plaintiff class;
> (2) the value of the services on an hourly basis; (3)
> whether the services were undertaken on a contingent fee
> basis; (4) society's stake in rewarding attorneys who
> produce such benefits in order to maintain an incentive to
> others; (5) the complexity of the litigation; and (6) the
> professional skill and standing of counsel involved on
> both sides.

*Moulton v. United States Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting

*Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)); *Swigart v. Fifth Third

Bank*, No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *15 (S.D. Ohio July 11,

2014) ("In reviewing the reasonableness of the requested award, the Sixth Circuit

requires district courts to consider six factors, known as the *Ramey* factors."). The

two most important factors generally are considered to be the value of the benefit

rendered and the value of the services on an hourly basis. *Dick v. Sprint Communs.

Co. L.P.*, 297 F.R.D. 283, 299 (W.D. Ky. 2014). As discussed below, it is

respectfully submitted that the application of these factors to this case supports the requested fee.

### 1.     Value of the Benefit Rendered to the Plaintiff Class

Through the efforts of Class Counsel, $3.25 million was obtained for members of the Class. As set forth in the Settlement Memorandum, the settlement provides an excellent recovery for Class Members, particularly in light of the complexity, duration and expense of ongoing litigation and the risk of establishing liability and damages.

Comparable cases, *Logue v. West Penn Multi-List, Inc.*, 2:10-cv-451 (W.D. Pa.), *Robertson v. Sea Pines Real Estate Companies, Inc.*, *et al.*, 3:09-cv-00095-SB (D. S.C.), and *Boland v. Consolidated Multiple Listing Service, Inc.*, *et al.*, 3:09-1335-SB (D. S.C.), demonstrate the value of the benefits obtained in comparison to the amount in controversy. In *Logue*, there were 47,309 potential Class Members identified and the case ultimately settled for $2.375 million.  In *Boland*, there were 9,732 potential Class Members identified and that case settled for $1 million. Here, Class Counsel negotiated a proportionately comparable settlement of $3.25 million for a class size of approximately 64,000 potential Class Members that were identified. *Robertson* was not a common fund settlement, but class members received payments of $75, $125, or $215, depending on the commission they paid.

9

Though the final determination on the value of payments to Class Members here is not yet knowable, if the settlement is approved, the average payout to each Class Member that submitted a valid claim based on the current claim rate is likely to be well above $600 each. Accordingly, Class Counsel have obtained an excellent benefit for the Class, whether measured on its own merit or in comparison to comparable MLS antitrust cases.

### 2.   *The Value of the Services on an Hourly Basis*

The reasonableness of the fee requested is demonstrated by a lodestar cross-check, which demonstrates that Class Counsel have expended substantial time and labor in pursuit of the Class's claims. The cumulative lodestar value of the time for all Class Counsel based on historical rates is $1,782,801.50. *See* Penny Decl. ¶ 4. Thus, the requested attorneys' fee award of $1,083,333.33 represents a multiple of 0.61 on the total reported lodestar, meaning Class Counsel will receive substantially less than their hourly rates several years after initiating this action. As the lodestar here is considerably larger than the requested fee, a lodestar cross-check further evidences the reasonableness of Petitioners' request. *See Hayes v. Sec'y of Health and Human Servs*., 923 F.2d 418, 422 (6th Cir. 1990) (a contingent fee amount that has the effect of compensating the attorney at a hypothetical hourly rate that is less than two times the standard market hourly rate is "per se

10

reasonable," and payment of the fee does not result in a windfall to the attorney). Moreover, Petitioners' fee request is well within, if not below, the customary fee for comparable work. *See supra*, Sections B.1. and B.2.

### 3.   *Whether the Services Were Undertaken on a Contingent Fee Basis*

Class Counsel have taken this case solely on a contingency fee basis. As a result, Class Counsel have undertaken the risk of an unsuccessful outcome for which they would not receive compensation of any kind. Further, Class Counsel have not been compensated for any time since the litigation began in 2010. This factor thus weighs in favor of awarding the requested fee. *See Gentrup v. Renovo Servs., LLC,* No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at \*14 (S.D. Ohio June 24, 2011) (finding that Class Counsel had made "significant investments of time and [had] advanced costs but [had] received no compensation in this matter" weighed in favor of the requested fee).

### 4.   *Society's Stake in Rewarding Attorneys Who Produce Such Benefits in Order to Maintain an Incentive to Others*

Attorneys who bring difficult and risky antitrust class actions where individual plaintiffs would receive only a small recovery or are unable to pursue litigation on their own benefit society and should be rewarded for their benefits. *In*

*re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003)

("Encouraging qualified counsel to bring inherently difficult and risky but

beneficial class actions like this [antitrust] case benefits society."). *See also In re*

*Southeastern Milk Antitrust Litig.*, No. 2:07-CV 208, 2013 U.S. Dist. LEXIS

70167, at *23 (E.D. Tenn. May 17, 2013) ("failing to fully compensate class

counsel for the excellent work done and the various substantial risks taken would

undermine society's interest in the private litigation of antitrust cases").

Accordingly, this factor too weighs in favor of the requested award.

### 5.    *The Complexity of the Litigation*

This case involved extensive efforts by Class Counsel over more than four

years of hard-fought litigation. Petitioners' work included, among other things, the

investigation of claims; the briefing and argument of motions, including class

certification and the opposition of six motions for summary judgment and/or

motions for judgment on the pleadings; substantial discovery, reviewing thousands

of pages of documents and analyzing data on hundreds of thousands of real estate

transactions; extensive consultations with two experts including the submission of

expert reports; taking and defending of expert depositions regarding class

certification and damages issues; negotiating the settlement which grew from three

formal mediation sessions and several additional informal settlement conferences; and requesting settlement approval.

"[A]ntitrust litigation, like all litigation of its species, promises to be extremely complex and time intensive and there is no question that if settlement fails, the Defendants will mount a strong defense." *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 U.S. Dist. LEXIS 150427, at *76 ( E.D. Mich. Dec. 13, 2011); *Skelaxin (Metaxalone) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 91661, at *9 ("Antitrust class actions are inherently complex."). This case is no exception.

Furthermore, as Courts have noted, "[c]ourts may enhance attorneys' fees when the case involves 'priority work that delays the lawyer's other legal work.'" *E.g., Citizens Ins. Co. of Am. v. KIC Chems., Inc.*, No. 1:04-CV-385, 2007 U.S. Dist. LEXIS 73201, at *30 (W.D. Mich. Oct. 1, 2007) (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). In the course of this complex litigation, urgent briefing and discovery matters inevitably arose, requiring Counsel to prioritize this matter above other cases. Litigating and resolving this antitrust class action is the type of "priority work" described in *Johnson*.

13

### 6.     *The Professional Skill of Counsel Involved on Both Sides*

"The ability of Lead Counsel to negotiate a favorable settlement in the face of formidable legal opposition [] evidences the reasonableness of the fee award requested." *In re Delphi Corp. Securities, Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008). *See also In re F&M Distribs., Inc. Sec. Litig.*, No. 95-CV-71778-DT, 1999 U.S. Dist. LEXIS 11090, at *19 (E.D. Mich. June 29, 1999) ("The skill and competence of the attorneys for the plaintiffs was evident, especially when viewed on the basis of the results that they obtained in this case, while the excellent advocacy skills of the defense counsel . . . were equally evident".).

Here, the total recovery achieved – $3.25 million – is substantial and strongly indicates the skill and efficiency of Class Counsel. As discussed in more detail in the Settlement Memorandum, this case presented numerous challenges to Plaintiffs. That such a significant settlement was achieved attests to the skill of Class Counsel.

Moreover, Petitioners are highly experienced in complex class action litigation and antitrust disputes in particular. In fact, Lead Counsel for Plaintiffs has represented plaintiffs in antitrust class actions alleging substantially similar claims of anticompetitive schemes by multi-list services to use their rules and

membership criteria to exclude or hinder lower priced innovative competitors. *See Robertson v. Sea Pines Real Estate Companies, Inc.*, 3:09-cv-00095-SB (D. S.C.) (settled); *Logue v. West Penn Multi-List, Inc.*, 2:10-cv-451 (W.D. Pa.) (settled); and *Boland v. Consolidated Multiple Listing Service, Inc.*, *et al.*, 3:09-1335-SB (D. S.C.)(settled). This experience with similar claims equipped Class Counsel to effectively marshal evidence and litigate claims on behalf of the Class while making informed decisions about the value of this case and the risks of continuing and protracted litigation. Accordingly, Class Counsel have drawn upon their uniquely pertinent experience to pursue the interests of the Class.

Finally, Defendants were well-represented by leading defense counsel from large, resourceful law firms with years of experience litigating antitrust  and complex commercial actions, which further supports the reasonableness of the requested fee award. *See In re Delphi Corp. Securities, Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008) ("The ability of Co-Lead Counsel to negotiate a favorable settlement in the face of formidable legal opposition further evidences the reasonableness of the fee award requested.")

### D.    The Request for an Award of Expenses Incurred is Reasonable

"Where … a litigant has created a common fund by settlement for the benefit of a class, he or she is entitled to reimbursement for reasonable fees and

expenses necessary for the successful prosecution of the litigation." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 274 (S.D. Ohio 1997) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980)). Plaintiffs litigated this case vigorously for more than three years. As noted above, during that period of time, Class Counsel incurred expenses totaling $300,771.71. *See* Penny Decl. ¶ 6. The expenses consist mostly of costs for experts in addition to court reporter charges, limited travel, photocopying, process service fees, and electronic research. The requested expenses are detailed in Penny Decl., Ex.1. Class Counsel seek entry of an Order authorizing $300,771.71 for the reimbursement of such reasonable and necessary expenses incurred in connection with the prosecution of this action.

In connection with notice and claims administration, Angeion Group ("AG") has incurred costs of $137,639.45 that have been paid from the Settlement Fund pursuant to the Settlement Agreement. AG anticipates additional costs in administering the settlement and disseminating payments to Class Members of approximately $35,000.00.  In total, it is estimated that the costs of notice and claims administration will be approximately $173,000.00.

Settlement Class members were informed in the recently published and mailed Notices that Class Counsel would be seeking up to $550,000 in expenses and to date no objections to those expenses have been received. Accordingly, the

16

total anticipated expenses of less than $475,000.00 is well below the number forecast in those Notices.  To date, there have been no objections to these forecast expenses by any member of the class.

## II.    The Request for an Incentive Award to Plaintiffs is Reasonable

"Courts within the Sixth Circuit...recognize that, in common fund cases and where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Lonardo v. Travelers Indemnity Company,* 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010). Here, Plaintiffs request a reasonable award of $12,500 to the Allans, $12,500 to the Cavendishs, and $12,500 to Landen for their services as class representatives, including reviewing pleadings and briefs, participating in case strategy, preparing for and traveling to their respective day-long depositions, and diligently representing the interests of the Class throughout the litigation.

The approved notice informed Class Members of the requested incentive award and no Class Members have objected to that request. Moreover, the award is in line with the award approved in *Logue*. *See Logue v. West Penn Multi-List, Inc.*, 2:10-cv-451 (W.D. Pa. Nov. 1, 2011) (Dkt. 105, p. 6) (approving $10,000 award in

17

case in which the representative was not deposed). *See also Skelaxin (Metaxalone)*

*Antitrust Litig.*, 2014 U.S. Dist. LEXIS 91661, at *12 (awarding named Plaintiffs

$50,000 each from the common fund). Accordingly, the Court should approve the

requested incentive award.

## CONCLUSION

For the foregoing reasons, Plaintiffs and Class Counsel respectfully request

the Court enter an order awarding $1,083,333.33 (or 1/3 of the Settlement Fund) in

attorneys' fees, $300,771.71 in expenses and Plaintiffs' representative awards of

$12,500 to the Allens, $12,500 to the Cavendishes, and $12,500 to Landen.


Date:  August 6, 2014                **Respectfully Submitted,**

                                     *s/ Brian D. Penny*  (Not Sworn)
                                     GOLDMAN SCARLATO KARON &
                                     PENNY, P.C.
                                     101 East Lancaster Avenue, Suite 204
                                     Wayne, PA 19087
                                     Telephone:  (484) 342-0700
                                     Facsimile:  (484) 342-0701
                                     Email:       penny@gsk-law.com

                                     Todd R. Mendel (P55447)
                                     Erica Fitzgerald (P64080)
                                     BARRIS, SOTT, DENN & DRIKER, PLLC
                                     211 West Fort Street, 15th Floor
                                     Detroit, MI  48226
                                     Telephone:  (313) 965-9725

                                          18

Email:        tmendel@bsdd.com

Garrett D. Blanchfield
REINHARDT WENDORF &
BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone:   (651) 287-2100
Facsimile:    (651) 287-2103
Email:         g.blanchfield@rwblawfirm.com

Douglas A. Millen
FREED, KANNER, LONDON & MILLEN,
LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone:   (224) 632-4500
Facsimile:    (224) 632-4521
Email:   dmillen@fklmlaw.com

*Class Counsel*

**<u>Certificate of Service</u>**

I certify that on August 6, 2014, I electronically filed the above Memorandum, as well as the Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses Incurred and for Payment of Representative Awards and accompanying Declaration and Exhibits with the Clerk of the Court using the ECF system.

*/s/ Brian D. Penny* <u>(Not Sworn)</u>
Brian D. Penny
