UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE ALLAN, et al.,

      Plaintiffs,                                Case No. 10-cv-14046

v.                                      HONORABLE STEPHEN J. MURPHY, III

REALCOMP II, LTD., et al.,

      Defendants.

_____/

### <u>ORDER GRANTING MOTION FOR ATTORNEYS' FEES</u> (document no. 223)

The matter at hand is an antitrust case. From 2004 to 2007, Realcomp II, Ltd. ("Realcomp") prevented publicly accessible websites from receiving information on homes for sale in the southeast Michigan region listed by brokers using alternative contracting models with home sellers. The Federal Trade Commission ("FTC") found that Realcomp's rules constituted an illegal restraint of trade. *In re Realcomp II, Ltd.*, No. 9320, 2007 WL 6936319 (F.T.C. Oct. 30, 2009). The U.S. Court of Appeals for the Sixth Circuit affirmed the finding in *Realcomp II, Ltd. v. FTC*, 635 F.3d 815 (6th Cir. 2011). The plaintiffs, individual home sellers during the relevant time period, claimed that they paid more for brokerage services than they otherwise would have paid had the restrictions not been in place.

On March 5, 2014, after several years of proceedings, the parties agreed to settle the case. The proposed Settlement Agreement calls for Realcomp to create a common fund of $3,250,000 for the benefit of the class, the full amount to accrue by April 30, 2015. Class members who submit valid claim forms will be entitled to a share of the common fund, based on the commission paid to real estate brokers by each claimant, but in no case to exceed 25% of the total commissions paid by the claimant. The settlement also provides

for the class representatives to receive an additional $12,500 each and up to one-third of the common fund as an attorneys' fees award, plus costs and expenses. *See* Settlement Agreement, ECF No. 222-2

The Court granted the motion for preliminary approval on May 29, 2014. *See* Order of Prelim. Approval, ECF No. 220. The parties then moved for final approval of the Settlement Agreement. The Court held a Civil Rule 23 fairness hearing on August 19, 2014, and subsequently granted the motion for final approval. The parties also moved for entry of attorneys' fees, reimbursement of expenses, and payment of awards in a separate order. Having heard from the parties, examined the briefing, and considered the objections, the Court will grant the motion and approve the award.

## LEGAL STANDARDS

Civil Rule 23(h) provides for the award of "reasonable attorney's fees and nontaxable costs that are authorized . . . by the parties' agreement." Fed. R. Civ. P. 23(h). A court may hold a hearing on the motion for attorneys' fees, and must give notice of the proposed award. *See generally Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 777 (N.D. Ohio 2010). The Sixth Circuit has held that the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share." *Id.* at 789 (citing *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). When evaluating this type of award, the court should find that the award is "reasonable under the circumstances." *Rawlings*, 9 F.3d at 516. A court may consider "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits

in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

### DISCUSSION

The Settlement Agreement calls for the creation of a $3,250,000 common fund for recovery by the class members. The plaintiffs now move for an attorneys' fees award of one third of the fund, $1,083,333.33. Mot. for Award, ECF No. 223. They also move for the reimbursement of $300,771.71 in already-incurred expenses and an estimated $173,000 further for the future administration of the distribution of the awards, and a representative award of $12,500 each to class representatives Eugene and Deborah Allen, Matthew and Traci Cavendash, and Keith Landen. The Court concludes that the awards should be approved.

I.    Attorneys' Fees

The Court finds as follows.

First, the common fund of $3,250,000, based on the roughly 2100 claims so far filed, will yield a substantial award to each class member, likely exceeding $500 per member. This is a substantial benefit for the class, particularly when compared to similar multiple listing service antitrust actions that provided much smaller per-member recovery settlements. *See, e.g.*, *Boland v. Consol. Multiple Listing Servs., Inc., et al.*, No. 09-1335 (D.S.C.) (9732 class members sharing a $1 million settlement); *Logue v. West Penn Multi-List, Inc.*, No. 10-451 (W.D. Pa.) (47,309 class members sharing a $2.375 million settlement).

3

Second, using the alternative lodestar method of calculating attorneys' fees, the plaintiffs state that the value of their work on the case would actually be closer to $1.7 million. Mot. for Award at 10 (citing Ex. 1, ECF No. 223-1). As such, the award of one-third of the common fund represents a substantial discount, and is per se reasonable. *See Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Third, class counsel undertook this case on a contingency fee basis, have not received any compensation to date, and have expended a considerable sum in the administration of class notice and other costs. *See* Mot. for Award at 11. These facts also support awarding the fee. *See Gentrup v. Renovo Servs., LLC*, No. 7-430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011).

Fourth, the Court agrees that an appropriate attorneys' fees award here serves as an incentive to bring future antitrust litigation. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003).

Fifth, the case has been ongoing for four years, it is an antitrust class action, *see generally In re: NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 475 (S.D.N.Y. 1998) ("Antitrust litigation in general, and class action litigation in particular, is unpredictable"), it involves complex real estate transactions that lay people would not necessarily be able to easily understand, trial would require complex proofs and presentations, both factual and expert, and it would involve consideration of a class of thousands. The Court therefore concludes the case is complex and warrants the award of attorneys' fees that take into account the complexity.

Sixth, as the Court stated at the hearing, the record reflects the finding that the parties practiced this case and represented their clients with the upmost professionalism and skill.

Accordingly, the Court concludes the attorneys' fees award is reasonable.

II.   Costs

In common fund type cases, as here, generally "class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 634-35 (W.D. Ky. 2006), *aff'd sub nom. Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (citing *In re Cardizem DC Antitrust Litigation*, 218 F.R.D. at 535.). A court should consider "whether the particular costs are the type routinely billed by attorneys to paying clients in similar cases." *Id.*

Here, the plaintiffs allege incurred expenses of $300,771.71 for attorneys costs including expert witnesses, court reporters, travel, and routine document management. The plaintiffs also incurred and will incur roughly $173,000 for the administration of class notice and the payment of the settlement. Mot. for Award at 16; Ex. 1 ¶ 6-8. Thus, the total requested fees award will be roughly $475,000. No member has objected. A review of the parties' documented expenses, *see* Ex. A & B, ECF No. 233-1, 2, shows the expenses are of the type routinely billed for attorney work, and the Court was aware that the plaintiffs would be reimbursed for the administration of class notice and the settlement award. Order of Prelim. Approval at 9. The Court concludes the costs are reasonable.[1]

III.   Representative Awards

---

[1] The parties shall inform the Court of the final costs of administering the class.

With respect to the class representative awards, "Courts within the Sixth Circuit . . . recognize that, in common fund cases and where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Lonardo*, 706 F. Supp. 2d at 787 (citing *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003)). Here, beyond their service as the named plaintiffs, plaintiffs' counsel stated at the hearing that the class representatives committed a great deal of time and resources to participating in the litigation via depositions and close involvement with plaintiffs' counsel. No objection to the award was made. The Court concludes the representative awards are reasonable.

IV.   Conclusion

Having found the attorneys' fees, costs, and representative awards are reasonable, the Court will grant the motion and approve the fees.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion for attorneys' fees (document no. 223) is **GRANTED**.

**SO ORDERED**.


s/Stephen J. Murphy, III                              
STEPHEN J. MURPHY, III
United States District Judge
Dated: September 4, 2014


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 4, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager